# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

May 15, 2025

Lyle W. Cayce
Clerk

————————

No. 24-40596
Summary Calendar

————————

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

LADDARUS PERKINS,

*Defendant—Appellant*.

———————————————————————

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 9:23-CR-8-7

———————————————————————

Before HIGGINBOTHAM, JONES, and OLDHAM, *Circuit Judges*.

PER CURIAM:[*]

Laddarus Perkins pleaded guilty, pursuant to a written plea agreement, to one count of conspiracy to distribute and possess with intent to distribute 50 grams or more of methamphetamine (actual) and one count of possession of a firearm after a felony conviction. Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), the parties agreed that Perkins would

———————————————

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

No. 24-40596

serve concurrent sentences of 135 months of imprisonment for both counts and would pay a mandatory special assessment of $100. He now appeals his sentence, arguing for the first time that the district court erred by failing to follow proper procedure in accepting or rejecting the plea agreement in its entirety and instead imposing a $200 special assessment.

Reviewing the unpreserved argument for plain error in light of the record as a whole, which includes evidence that Perkins was aware that each conviction included a mandatory special assessment, we are not persuaded that the district court plainly erred. *See Puckett v. United States*, 556 U.S. 129, 134-35 (2009); *United States v. Nguyen*, 916 F.2d 1016, 1020 (5th Cir. 1990).

To the extent that Perkins raises claims of ineffective assistance of counsel, we decline to consider such claims because they were not presented to the district court and the record is inadequately developed to fairly evaluate the merits of such claims. *See United States v. Isgar*, 739 F.3d 829, 841 (5th Cir. 2014). We therefore dismiss such claims without prejudice to collateral review. *See id.*

Accordingly, the judgment of the district court is AFFIRMED.